UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AMY R.,

            Plaintiff,

       -v-                              8:20-CV-1520

COMMISSIONER OF
SOCIAL SECURITY,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                         OF COUNSEL:

OLINSKY LAW GROUP           HOWARD D. OLINSKY, ESQ.
Attorneys for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, NY 13202

SOCIAL SECURITY              DANIEL S. TARABELLI, ESQ.
   ADMINISTRATION            Special Ass't U.S. Attorney
Attorneys for Defendant
6401 Security Boulevard
Baltimore, MD 21235

DAVID N. HURD
United States District Judge

## ORDER ON MOTION FOR ATTORNEY'S FEES

On December 9, 2020, plaintiff Amy R.[1] ("plaintiff") filed this civil action seeking review of a final decision by defendant Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Dkt. No. 1.

After plaintiff filed her opening brief, Dkt. No. 12, the Commissioner moved to remand the matter for further administrative proceedings, Dkt. No. 15. The Court "so ordered" the Commissioner's motion on September 10, 2021, Dkt. No. 16, and a judgment in plaintiff's favor was entered later that day, Dkt. No. 17. Thereafter, plaintiff sought and was granted an award of attorney's fees as a "prevailing party" under the Equal Access to Justice Act ("EAJA"), which shifts litigation fees to a government defendant when certain conditions are met. Dkt. No. 20.

On February 8, 2023, plaintiff moved for a further award of attorney's fees under 42 U.S.C. § 406(b), which authorizes a court to grant reasonable fees to a claimant's attorney in a successful Social Security action. Dkt. 21. After

---

[1] In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as local practice in this District, only claimant's first name and last initial will be mentioned in this opinion.

the Commissioner responded, Dkt. No. 22, the Court directed plaintiff to file a reply, Dkt. No. 24.

Originally passed in 1965, the effect of § 406(b) is threefold: "it fixes a maximum percentage for contingent fees of twenty-five percent; it permits recovery of such fees only out of past due benefits, and it requires court approval for whatever amount of fees should be paid." *Fields v. Kijakazi*, 24 F.4th 845, 852 (2d Cir. 2022) (cleaned up).

The "court approval" contemplated by § 406(b) is "reasonableness" review, which includes consideration of factors such as: (1) whether the percentage is within the 25% cap; (2) whether there has been fraud or overreaching; (3) whether the requested amount is a windfall to the claimant's attorney; (4) the character and results of the representation; (5) the amount of time spent on the case; (6) whether the attorney is responsible for any delay; and (7) the normal charge for non-contingent-fee cases. *BillyJo M. v. Comm'r of Soc. Sec.*, 568 F. Supp. 3d 309, 311 (W.D.N.Y. 2021) (cleaned up) (collecting cases); *Fields*, 24 F.4th at 854.

Upon review of the submissions in light of the governing law, plaintiffs' request for a § 406(b) fee will be granted.[2] As the Commissioner notes and plaintiff acknowledges, the fee request was filed out of time. The question is

---

[2] As this Court has noted before, Social Security can be a convoluted area of law. The Court thanks the Commissioner for her valuable input.

just how far out of time plaintiff's request was filed. According to the Commissioner, counsel was required to file this motion "no later than sixty (60) days after the date of the final notice of award sent to [him] at the conclusion of defendant's past-due benefit calculating stating the amount withheld for attorney's fees." Dkt. No. 22 (citing N.D.N.Y. General Order 18(F)).

This is an accurate quote. But it is taken from a version of General Order 18 that is no longer in force. Since September 16, 2022, General Order 18(F) has stated that:

> (1) Timing of Motion. Plaintiff's counsel may file a motion for attorney's fees under 42 U.S.C. §406(b) in accordance with the time frame set forth in Fed. R. Civ. P. 54(d)(2)(B) and *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019) . . . . unless the court extends the deadline based upon the circumstances presented.

N.D.N.Y. G.O. 18(F) (Sept. 16, 2022). The change in language is due to the Second Circuit's decision in *Sinkler*. There, the district court rejected as untimely a successful Social Security claimant's motion for § 406(b) attorney's fees. 932 F.3d at 84. The question on appeal was whether the district court had correctly applied Rule 54's fourteen-day filing period to the claimant's fee application or whether Rule 60's more amorphous "reasonableness" time period should govern this kind of fee request. *Id.* at 85.

Ultimately, the Second Circuit adopted the fourteen-day limitations period imposed by Rule 54, but held that this "period is tolled until the claimant receives notice of the amount of any benefits award" and reiterated that the lower courts remain "empowered to enlarge that filing period where circumstances warrant." *Sinkler*, 933 F.3d at 85, 89. Consequently, as Judge Lovric recently explained, a claimant's counsel has fourteen days from the date on which counsel receives notice of the benefits award (and therefore the maximum amount of fees that may be claimed). *See Barbara K. v. Comm'r of Soc. Sec.*, 2022 WL 2302122, at *1 (N.D.N.Y. June 27, 2022) (Lovric, J.).

In this case, the parties agree that the Notices of Award are dated December 7, 2022. The parties also agree that plaintiff did not file this motion for fees until February 8, 2023, sixty-three days later. Thus, this request is untimely under General Order 18(F)—either by a few days (under the prior iteration of the Order) or by a much longer period of time (under the current iteration of the Order).

In reply, plaintiff concedes that the Notices of Award are dated December 7, 2022. However, plaintiff's counsel claims that he was "not aware of the actual amount of back benefits available for attorney's fees in this case until February 7, 2023." As counsel explains, he initially believed the SSA's calculations to be erroneous and worked diligently to contact claimant's hearing representative to clear up the confusion. When the representative

finally responded on February 7, counsel learned certain salient facts that caused him to file his fee application the very next day, February 8, 2023.

Upon review, equitable tolling saves plaintiff's motion for fees. In *Sinkler*, the panel held that tolling of the fourteen-day limitations period imposed by Rule 54 was appropriate until counsel learned of "the maximum attorney's fees that may be claimed." 932 F.3d at 88. Although that calculation turned out to be possible based on the Notices of Award dated December 7, plaintiff's counsel has reasonably identified some confusion regarding the maximum fee that should be claimed. And counsel appears to have worked diligently to resolve the confusion. In light of the short delay and lack of any identifiable prejudice, the motion will be considered timely.[3]

On the merits, the requested fee is reasonable. Counsel has substantial experience in this area of law. He achieved a good result for his client after a prolonged period of litigation that required a federal court action and remand to the Agency. The fee does not exceed twenty-five percent of the past-due benefits and there is no indication that it would amount to a "windfall."

As a final matter, plaintiff's counsel has already received an EAJA fee that must be refunded to the claimant. Congress has authorized separate fee

---

[3] There is an extra layer of confusion lurking here. The current iteration of this District's Local Rule 54.4 still instructs that § 406(b) fee requests "shall be filed within sixty (60) days from the date plaintiff's counsel of record was notified of the final notice of award." But as *Sinkler* cautioned, this Local Rule might be invalid and, in any event, should be unnecessary in light of the Circuit's explicit guidance on this issue. 932 F.3d at 89 & n.6.

awards under *both* the EAJA (payable by the Government) and § 406(b) (payable out of a claimant's past-due benefits). *Gisbrecht v. Barnhart*, 535 U.S. 789, 796. However, when an attorney seeks fees under both provisions, the EAJA award is treated as an offset: the claimant's attorney must refund to the claimant the amount of the smaller fee. *Id*.

Therefore, it is

ORDERED that

1. Plaintiff's motion for attorney's fees is GRANTED;

2. Plaintiff's attorneys are awarded a fee in the amount of $14,057.60; and

3. Plaintiff's attorneys must surrender to plaintiff the $5,427.51 previously paid under the EAJA.

IT IS SO ORDERED.

Dated: March 7, 2023
       Utica, New York.

David N. Hurd
U.S. District Judge